UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICK R. SIMS                                    CIVIL ACTION NO. 12-cv-3125

VERSUS                                          JUDGE STAGG

ZION GARDENS, LTD., ET AL                       MAGISTRATE JUDGE HORNSBY

### MEMORANDUM ORDER

Rick Sims ("Plaintiff"), who resides in Minden, Louisiana, filed this purported diversity action against two LLCs, a corporation, and a limited partnership. The complaint alleges, in a somewhat confusing manner, a history of legal disputes, liens, and disagreements regarding consulting and other services that Plaintiff alleges he provided in connection with a housing project located in Houston, Texas.

The complaint immediately gives rise to a question as to whether it was filed in a proper venue. Venue for a civil action such as this is governed by 28 U.S.C. § 1391(b), which provides three alternative venues. The first is the district in which any defendant resides, if all defendants are residents of the state in which the district is located. The complaint and exhibits do not provide the level of detail necessary to establish all aspects of the citizenship of the entities, but there are ample indications that the defendants are organized in Texas and are likely all citizens of that state, although they may also be citizens of other states. They are certainly not all citizens of Louisiana, or there would be no basis for diversity jurisdiction. Accordingly, there is no basis for venue under this provision.

The second possible venue is a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated.   The housing project at the center of this dispute is located in Houston, Texas, and the record suggests that almost all relevant events and communications occurred in whole or part in Texas. There is nothing, other than Plaintiff's residence, to connect the case to Louisiana. Accordingly, there is no basis for venue under this prong of the statute.

The third and final prong of the statute applies only if there is no district in which an action may otherwise be brought.  It does not apply because Texas is certainly a proper venue under the second prong and is likely also a proper venue under the first prong.

The district court of the district in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought.   28 U.S.C. § 1406(a).   Also, for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C.A. § 1404. The court may take such action sua sponte. Caldwell v. Palmetto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir.1987). No defendant has filed an answer or otherwise waived any venue objection.

Considering the lack of any viable basis for venue in this district, the best exercise of the court's discretion is to transfer this case to the Southern District of Texas, a district in

which it could have been brought.  The Clerk of Court is directed to transfer the case to that district in accordance with this order.

Plaintiff has also filed a Motion for TRO (Doc. 9) in which he seeks to seize various bank accounts and properties to preserve assets so that he will be better able to collect on any judgment.  Given the transfer, the motion is denied as moot.  Plaintiff may reurge it in the proper venue if appropriate.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of January, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE